# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

PETER VIGUE,

    Plaintiff,

v.                                                Case No. 3:19-cv-186-J-32JBT

DAVID B. SHOAR, in his official
capacity as Sheriff of St. Johns
County and GENE SPAULDING, in
his official capacity as Director of
the Florida Highway Patrol,

    Defendants.

## **ORDER GRANTING PRELIMINARY INJUNCTION**

Plaintiff Peter Vigue filed a lawsuit under 42 U.S.C. § 1983 alleging that two Florida statutes prohibiting individuals from engaging in charitable solicitation on public streets, §§ 316.2045 and 337.406, Fla. Stat., violate the First and Fourteenth Amendments of the United States Constitution. (Doc. 1). Vigue requests that the Court issue a preliminary injunction enjoining Defendants David B. Shoar, in his official capacity as Sheriff of St. Johns County (the "Sheriff"), and Gene Spaulding, in his official capacity as Director of the Florida Highway Patrol ("FHP") (collectively "Defendants") from enforcing the statutes. (Docs. 2, 23). Defendants responded in opposition (Docs.

19, 27), and Vigue filed a reply (Doc. 30). On April 26, 2019, the Court held a non-evidentiary hearing on the motion, the record of which is incorporated herein. (Doc. 31).

Vigue is a homeless individual in St. Augustine, Florida who stands on public sidewalks, or on the medians or shoulders of public streets, in areas frequented by pedestrians or near intersections. (Doc. 2 at 4). There, he holds a small sign that says "Please care God Bless Love" or similar messages. (Doc. 1 ¶ 52). He alleges that he does not intend to obstruct or otherwise interfere with traffic while soliciting and only walks in the road if traffic is stopped. (Doc. 1 ¶ 58). Between 2016 and 2019, the Sheriff has cited or arrested him numerous times for violations of § 316.2045, and he was cited one time by FHP. He has not been cited under § 337.406. Vigue challenges the constitutionality of the statutes, arguing that they are content-based, overbroad, vague, and a prior restraint on speech. Further, he alleges that the statutes unconstitutionally favor § 501(c)(3) organizations' and political campaigns' speech.

To obtain a preliminary injunction, Vigue must establish: (1) that there is a substantial likelihood that he will prevail on the merits; (2) that there is a real threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm an injunction may impose on Defendants; and (4) that granting the preliminary injunction will not disserve the public interest. Sun-Sentinel Co. v. City of Hollywood, 274 F. Supp. 2d 1323,

1327 (S.D. Fla. 2003) (citing Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). A preliminary injunction is "an extraordinary and drastic remedy that should not be granted unless the [plaintiff] clearly carries its burden of persuasion on each of these prerequisites." Id.

The Court finds that Vigue has demonstrated a substantial likelihood of success on the merits. Two courts in the Eleventh Circuit have found § 316.2045 unconstitutional, both issuing preliminary and permanent injunctions enjoining its enforcement. See Chase v. City of Gainesville, No. 106 CV 44 SPM-AK, 2006 WL 3826983 (N.D. Fla. Dec. 28, 2006) (issuing permanent injunction and declaring §§ 316.2045 and 337.406 facially unconstitutional);[1] Chase v. City of Gainesville, No. 1:06-CV-044-SPM/AK, 2006 WL 2620260, at *1 (N.D. Fla. Sept. 11, 2006) (issuing preliminary injunction); Bischoff v. Florida, Case No. 6:98-cv-583-JA (M.D. Fla. July, 2, 2003) (issuing permanent injunction and declaring § 316.2045 facially unconstitutional); Bischoff v. Florida, 242 F. Supp. 2d 1226 (M.D. Fla. 2003) (issuing preliminary injunction).[2] Following those

---

[1] The Court will not issue an injunction related to § 337.406, finding that Vigue has not sufficiently shown he has standing to obtain an injunction against enforcement of a statute under which he has not been cited.

[2] The permanent injunction in Bischoff, which was not opposed by defendants in the case, enjoined all of the defendants, including the State of Florida, Bob Butterworth, in his official capacity as Attorney General of the State of Florida, and Sheriff Charles C. Aycock of Osceola County, in his official capacity, their officers, agents, servants employees, and attorneys, and all other persons in active concert or participation with them, from enforcing § 316.2045.

decisions, in 2007, the Florida legislature amended § 316.2045 to exempt certain non-profit organizations or those acting on their behalf from permit requirements related to obstructing streets or roads for solicitation purposes. The amendments establish conditions that these organizations must meet to benefit from the exemption. On November 8, 2007, Florida Attorney General Bill McCollum issued an opinion that the amendments did not address the constitutional infirmities identified in <u>Bischoff</u> and "strongly" recommended to the legislature that it address those infirmities. <u>See</u> Fla. Att'y Gen. Op. 2007-50 (2007). To date, the legislature has not done so. Regardless, FHP urges the Court to depart from the reasoning of <u>Bischoff</u> and <u>Chase</u> and find that § 316.2045 passes constitutional muster. (Doc. 27).

The Court has carefully considered the parties' arguments on the papers and at the hearing. The vast majority of the statutory language found facially unconstitutional by <u>Bischoff</u> and <u>Chase</u> remains in the current version of the statute. At this stage of the litigation, the Court is unpersuaded that the amendments alter <u>Bischoff</u>'s conclusion that the statute is unconstitutional.

Moreover, <u>Bischoff</u>'s permanent injunction against enforcement of § 316.2045 by the State of Florida and its agents—which include FHP—remains. As the Court stated at the hearing, the legal implications of the permanent injunction against a prior but notably similar version of § 316.2045

4

may be debated.³ However, the Court hesitates to ignore the permanent injunction issued by another court in the Middle District of Florida, particularly when the Florida Attorney General has opined that the subsequent amendments did not remedy the constitutional infirmities identified in Bischoff. In light of this, the Court finds that Vigue has shown a substantial likelihood of success on the merits in challenging the constitutionality of § 316.2045.⁴

Vigue has also met his burden of establishing the remaining elements required for preliminary injunctive relief. First, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). As such, when First Amendment freedoms are at stake, courts regularly find that plaintiffs have established that they will sustain irreparable injury. Here, Vigue has sufficiently shown that Defendants' enforcement of the relevant statute in the form of arrest and incarceration has prohibited him from engaging in protected speech activity such that he will suffer irreparable harm without injunctive relief. See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of

---

³ Therefore, the Court reaches its conclusion on this motion independent of the ultimate legal effect of the Bischoff permanent injunction on this case.

⁴ Following the reasoning in Bischoff, the Court will not sever § 316.2045. Bischoff, 242 F. Supp. 2d at 1258 n.21. However, at later stages of the case, the Court will consider whether severability is possible.

5

Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) ("The only area of constitutional jurisprudence where we have said that an on-going violation constitutes irreparable injury is the area of first amendment and right of privacy jurisprudence.").

Next, when First Amendment rights are at issue, courts routinely find that the possible injury to plaintiffs outweighs whatever damage the injunction may cause defendants. See Baumann v. City of Cumming, Georgia, No. 2:07-CV-0095-WCO, 2007 WL 9710767, at *7 (N.D. Ga. Nov. 2, 2007) ("[T]he temporary infringement of First Amendment rights constitutes a serious and substantial injury, and the city has no legitimate interest in enforcing an unconstitutional ordinance."). Moreover, as the Honorable William Terrell Hodges found when preliminarily enjoining a similar panhandling ordinance in Booher v. Marion County, "[c]oncerns about traffic safety during the pendency of the injunction are adequately addressed by [other] existing laws." No. 507CV00282WTHGRJ, 2007 WL 9684182, at *4 (M.D. Fla. Sept. 21, 2007). This case is no different.

Finally, a preliminary injunction is not adverse to the public interest. Rather, "[t]he public interest is served by the maintenance of First Amendment freedoms and could not possibly be served by the enforcement of an unconstitutional Ordinance." Id. (quoting Howard and Emro Corp. v. City of Jacksonville, 109 F. Supp. 2d 1360, 1365 (M.D. Fla. 2000). "Citizens' interests

in remaining safe while walking or driving are served by the other statutes and codes available to law enforcement officers, and the public certainly has an interest in seeing that its constitutional rights are protected, because 'all citizens have a stake in upholding the Constitution.'" Chase, 2006 WL 2620260, at *3 (quoting Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005)).

As public interest litigation is a recognized exception to the bond requirement, the Court will waive the bond required by Rule 65(c), Fed. R. Civ. P. See City of Atlanta v. Metropolitan Atlanta Rapid Transit Authority, 636 F.2d 1084, 1094 (5th Cir. 1981) ("[P]ublic-interest litigation [constitutes] an area in which the courts have recognized an exception to the Rule 65 security requirement."); Booher, 2007 WL 9684182, at *4 (waiving bond for homeless and indigent plaintiff).

Though Vigue seeks to have the preliminary injunction apply to non-parties who are also affected by enforcement of § 316.2045, at this stage, the Court will limit the injunctive relief to Vigue only.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Peter Vigue's Motion for Preliminary Injunction (Doc. 2) is **GRANTED in part and DENIED in part**.

2. Defendants David B. Shoar, in his official capacity as Sheriff of St. Johns County, and Gene Spaulding, in his official capacity as Director of the

Florida Highway Patrol, are hereby enjoined from enforcing § 316.2045, Fla. Stat., against Plaintiff Peter Vigue during the pendency of this case.

3. FHP shall file a response to the complaint by **May 31, 2019**.

4. By **May 31, 2019**, the parties will file a joint proposal on a schedule and procedure to bring this case to a final hearing on both the facial and as-applied challenges to § 316.2045 (and § 337.406 if Vigue intends to continue his challenge to that statute). In preparing the schedule, the parties should account for the need to address, among other things, the effect of the <u>Bischoff</u> permanent injunction on these proceedings, severability, and whether, if permanent injunctive relief is granted, it should apply to Vigue only or to non-parties as well.

**DONE AND ORDERED** in Jacksonville, Florida the 6th day of May, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

sej
Copies:

Counsel of record